**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**KEASHTANI SAPP,**

      **Petitioner,**

**v.**                              **Case No. 3:18cv401-RV/CAS**

**SECRETARY, DEPARTMENT OF
CORRECTIONS,**

      **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

On September 19, 2017, Petitioner Keashtani Sapp, a state inmate

proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254, in the U.S. District Court for the Middle District of Florida.

ECF No. 1.  By order on March 7, 2018, the Middle District transferred the

case to this Court.  ECF No. 8.  On August 17, 2018, Respondent filed a

motion to dismiss the petition as untimely, with exhibits.  ECF No. 19.

Petitioner has not filed a reply, although given the opportunity to do so.

*See* ECF No. 18.

The matter was referred to the undersigned United States Magistrate

Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

Northern District of Florida Local Rule 72.2(B).  After careful consideration,

the undersigned has determined no evidentiary hearing is required for the

disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The

pleadings and attachments before the Court show the petition is untimely

and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing

dismissal "[i]f it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief" in federal court).

## **Procedural Background**

Petitioner Sapp challenges her judgment and sentence entered

March 13, 2014, by the First Judicial Circuit Court, Escambia County,

Florida.  ECF No. 1.  By information filed February 14, 2013, the State of

Florida charged Sapp with two counts in case number 1713-CF-483A in

connection with events that took place on or about January 16, 2013:  (1)

armed robbery with a firearm, in violation of sections 812.13(2)(a) and

775.087(2), Florida Statutes; and (2) grand theft in violation of sections

812.014(1)(a) and (b), and 812.014(2)(c)1., Florida Statutes.  Ex. A at 1. [1]

The first count specifically alleged that, in the course of committing the

robbery, Sapp "carried and actually possessed a firearm, to-wit:  **a**

**handgun**."  *Id*.

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 19.

By information filed January 9, 2014, the State of Florida charged

Sapp with another count of armed robbery with a firearm, in violation of

sections 812.13(2)(a) and 775.087(2), Florida Statutes, in connection with

events that occurred on or about October 2, 2012.  Ex. A at 140-41.  This

count specifically alleged that Sapp "carried and actually possessed a

firearm, **A HAND GUN**."  *Id*.

On March 6, 2014, just prior to the start of trial, Sapp's defense

counsel informed the court that the State had made a plea offer to resolve

both cases in which Sapp had been charged.  Ex. A at 70-71.  Defense

counsel stated:

> The State has extended an offer to Ms. Sapp.  She has two
> cases before the Court, the one for trial today and one that was
> actually set for the April 9th docket.  Robbery with a weapon or
> firearm are charged in both cases.  In exchange for a plea of
> guilty to the robbery charges in both cases, the State is offering
> a sentencing range of 20 to 30 years.  The State will not be
> pursuing prison releasee reoffender sentencing.  They will be
> seeking a minimum mandatory of at least ten years, because of
> the gun involved in the second case.  We would have a
> sentencing hearing, and she would be given credit for the
> sentence in both cases for the oldest case. . . .

*Id*. at 70.  Defense counsel explained that Sapp would enter a guilty plea

and the State would drop the grand theft charge in one of the cases.  *Id*. at

71.  The judge began a plea colloquy and during the course thereof, Sapp

decided to proceed to trial.  *Id*. at 72-74.  Discussion then occurred off the

record, after which counsel stated there had been a change:  "What I said earlier was the offer from the State, in exchange for a plea of no contest to the robbery charges.  I have spoken to both Ms. Sapp, and her parents, and her grandmother and she wants to accept the State's offer."  *Id*. at 74. The judge then continued the plea colloquy.  *Id*. at 74-78.  The judge accepted Sapp's no contest plea and scheduled the sentencing hearing. *Id*. at 78.

The sentencing hearing took place on March 13, 2014.  *Id*. at 84-116. Sapp indicated, through counsel, that she wanted to withdraw her plea.  *Id*. at 87.  She explained that she had been "indecisive" and also that, although she understood there would be a ten-year minimum mandatory sentence, she did not understand the reason for that sentence.  *Id*. at 88-90.  She stated this made a "big difference . . . because I wouldn't have pled with the gun on each charge."  *Id*. at 90.  The following then transpired on the record:

> THE COURT:  Well, but the law doesn't require you to be the one in possession of a gun.
>
> THE DEFENDANT:  I understand.  I just want –
>
> THE COURT:  So it's going to be a ten year mandatory.
>
> THE DEFENDANT:  I just want a chance to fight both of my cases.

THE COURT:  Well, you had that and we actually – we spent some time choosing a jury.  We required citizens to come in two different days to be on that jury and then you decided you didn't want to do it, now you've just changed your mind?

THE DEFENDANT:  I had a chance to think about it.

THE COURT:  No, that's not a legal reason to withdraw your sentence [sic].

THE DEFENDANT:  That's fine.

THE COURT:  We're going to go forward with the sentencing today.

*Id*. at 90-91.  Thereafter, the court sentenced Sapp to twenty-five (25) years in prison in each case, to run concurrently, with a minimum of ten (10) years in case number 2013-CF-6200.  *Id*. at 113-14, 121-31.

Sapp appealed the judgment and sentence to the First District Court of Appeal (First DCA), assigned case number 1D14-1640, and she raised one point:  Whether the trial court abused its discretion in denying her motion to withdraw her plea before sentencing.  Ex. B.  The State filed an answer brief.  Ex. C.  Sapp filed a reply brief.  Ex. D.  On September 30, 2014, the First DCA affirmed the case per curiam without a written opinion.  Ex. E.  The mandate issued October 16, 2014.  Ex. F.

On October 14, 2015, Sapp filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. I at 1-10.  She raised two claims of ineffective assistance of counsel and one claim

alleging her plea was involuntary. *Id*. On January 27, 2016, the state post-conviction trial court summarily denied the motion. *Id*. at 11-37. Sapp did not timely appeal. *See* Exs. J, K. On April 8, 2016, Sapp filed a petition for belated appeal, assigned case number 1D16-1687. Ex. L. The First DCA relinquished jurisdiction to the trial court for appointment of a special master, Ex. M, and, on April 19, 2016, the special master recommended a belated appeal be allowed, Ex. N. On June 7, 2016, the First DCA granted a belated appeal. Ex. O. The appeal became case number 1D16-3162 and Sapp filed a notice that no initial brief would be filed. Ex. Q. On September 27, 2016, the First DCA affirmed the case per curiam without a written opinion. Ex. R; <u>Sapp v. State</u>, 202 So. 3d 412 (Fla. 1st DCA 2016) (table). The mandate issued October 25, 2016. Ex. S.

In the meantime, on October 12, 2016, Sapp submitted for filing a pro se motion for rehearing in the First DCA, asserting defense counsel provided ineffective assistance by not informing her of the minimum mandatory 10-year enhancement and by not moving to withdraw the plea. Ex. G. This motion contains case numbers for Sapp's direct appeal and circuit court case numbers, and it was docketed in the direct appeal, case number 1D14-1640, in which the mandate had issued two years earlier,

October 16, 2014. *See id.* By order on December 21, 2016, the First DCA denied the motion for rehearing. Ex. H.

As previously indicated, on September 25, 2017, Sapp filed this § 2254 petition. ECF No. 1. She raises three grounds: (1) defense counsel provided ineffective assistance by not explaining the mandatory minimum enhancement applied to Sapp; (2) her plea was involuntary; and (3) defense counsel provided ineffective assistance by not filing a motion to withdraw the plea. *Id.* at 5-9.

Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits. ECF No. 19. Sapp has not filed a reply.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. *Id.* § 2244(d)(1)(A). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and

due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, the state trial court entered Sapp's judgment of conviction and sentence on March 13, 2014, following her plea of nolo contendere. Ex. A at 121-31; see id. at 113-14. Sapp filed a direct appeal and, on September 30, 2014, the First District Court of Appeal (First DCA) affirmed the case per curiam without a written opinion in case number 1D14-1640. Ex. E; Sapp v. State, 149 So. 3d 7 (Fla. 1st DCA 2014) (table). Pursuant to U.S. Supreme Court Rule 13.3, Jackson then had ninety (90) days to seek certiorari review in the U.S. Supreme Court, which he did not do. Accordingly, her conviction and sentence became final for federal habeas purposes on December 29, 2014. See 28 U.S.C. § 2244(d)(1)(A); see also, e.g., Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). Sapp had one year thereafter, or until December 29, 2015, to file her federal habeas petition, absent tolling activity. See, e.g., Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

Sapp filed a Rule 3.850 motion in state court on October 14, 2015, which stopped the AEDPA clock at 289 days. *See* Ex. I at 1-10. The First DCA affirmed Sapp's belated post-conviction appeal on June 7, 2016, and the mandate in that case issued July 6, 2016. Exs. O, P. As indicated above, Sapp submitted a motion for rehearing on October 12, 2016, which was filed in her direct appeal and denied by order on December 21, 2016. Exs. G, H.

As Respondent asserts, however, this motion for rehearing appears intended for Sapp's belated post-conviction appeal, as the arguments Sapp makes in the motion concern ineffectiveness of counsel and, further, she submitted the motion more than two years after the mandate in the direct appeal, but much closer in time to the mandate in the belated post-conviction appeal. *See* ECF No. 19 at 8-11. Accordingly, allowing that the (untimely) motion for rehearing continued to toll the time in the post-conviction proceeding, at best, the AEDPA clock restarted on December 21, 2016, when the First DCA denied this motion for rehearing. *See* Fla. R. App. P. 9.330(a) (providing that motion for rehearing "may be filed within 15 days of an order"), 9.340(a) (providing that "[t]he court may direct the clerk to recall the mandate, but not more than 120 days after its issuance"); 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13(3) (providing that "if a petition for

rehearing is timely filed in the lower court by any party, or if the lower court *appropriately* entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties ... runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment" (emphasis added)).  *Cf*. Roper v. Sec'y, Fla. Dep't of Corr., No. 14–14841, 2017 WL 1487223 at *5 n.5 (11th Cir. Apr. 26, 2017) (unpublished opinion citing U.S. Supreme Court Rule 13(3) and noting "Roper's limitations period began 90 days after his motion for rehearing in his direct appeal was denied"); *see also* Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) ("We now hold . . . that the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A).").

The AEDPA clock then ran for another 76 days until it expired on March 7, 2017.  Accordingly, anything Sapp filed after March 7, 2017, could not toll the AEDPA limitations period as no time remained in that period. *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his

federal habeas petition has run."); <u>Tinker v. Moore</u>, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). As a result, Sapp's § 2254 petition filed September 25, 2017, is untimely under § 2244(d)(1)(A).

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 19, be **GRANTED** and Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED** as untimely.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S.

473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any arguments as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 19) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED as untimely**.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 9, 2018.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.